# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**DARRYL BERNARD KING,**

        **Plaintiff,**

v.                                     Case No.  6:19-cv-853-Orl-40GJK

**SAILORMEN, INC. d/b/a POPEYES
CHICKEN AND BISCUITS, ET AL.
and THE ZENITH a/k/a
ZENITH INSURANCE CO.,**

        **Defendants.**

_____

## REPORT AND RECOMMENDATION

This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS (Doc. No. 2)** |
| **FILED:** | **May 3, 2019** |

**THEREON** it is **RECOMMENDED** that the motion be **DENIED and the case be DISMISSED with leave to amend the complaint**.

On May 3, 2019, *pro se* Plaintiff Darryl Bernard King instituted this action by filing a Complaint against Defendants. Doc. No. 1. On the same day, Plaintiff filed his Application to Proceed in District Court Without Prepaying Fees or Costs. Doc. No. 2.

The United States Congress requires the district court to review a civil complaint filed *in forma pauperis* and dismiss any such complaint that is frivolous, malicious or fails to state a claim. 28 U.S.C. § 1915.[1]  The mandatory language of 28 U.S.C. § 1915 applies to all proceedings *in forma pauperis*.  Section 1915(e)(2) provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that --
> (A) the allegation of poverty is untrue; or
> (B) the action or appeal --
>   (i) is frivolous or malicious;
>   (ii) fails to state a claim on which relief may be granted; or
>   (iii) seeks monetary relief against a defendant who is immune from such relief.

Additionally, under Rule 12(h)(3) of the Federal Rules of Civil Procedure, a district court may at any time, upon motion or sua sponte, act to address the potential lack of subject matter jurisdiction in a case.  *Herskowitz v. Reid*, 187 F. App'x 911, 912-13 (11th Cir. 2006)[2] (citing *Howard v. Lemmons*, 547 F.2d 290, 290 n.1 (5th Cir. 1977)).  "[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking."  *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999).  Federal courts are courts of limited jurisdiction; therefore, the Court must inquire into its subject matter jurisdiction, even when a party has not challenged it.  *Id.*

---

[1] Section 1915A of 28 U.S.C. requires the district court to screen only prisoner's complaints. Nevertheless, the district court screens other complaints pursuant to 28 U.S.C. § 1915(e)(2) and Local Rule 4.07(a).

[2] In this circuit, "[u]npublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. R. 36-2.

The Local Rules of the United States District Court for the Middle District of Florida also govern proceedings *in forma pauperis*. Pursuant to Local Rule 4.07(a), the Clerk dockets, assigns to a judge, and then transmits to the judge cases commenced *in forma pauperis*. The district court assigns to United States Magistrate Judges the supervision and determination of all civil pretrial proceedings and motions. Local Rule 6.01(c)(18). With respect to any involuntary dismissal or other final order that would be appealable if entered by a district judge, the United States Magistrate Judge may make recommendations to the district judge. *Id.* The Court may dismiss the case if satisfied that the action is frivolous or malicious under section 1915, or may enter such other orders as shall seem appropriate. Local Rule 4.07(a).

Plaintiff alleges that he was injured while working at Defendant Sailormen, Inc.'s Popeyes Chicken and Biscuits restaurant in Leon County Florida. Doc. No. 1 at 1. Plaintiff alleges that despite filing a worker's compensation claim Defendant Zenith Insurance Company, Sailormen, Inc.'s insurer, has failed to pay on the claim. Doc. No. 1 at 2. Plaintiff alleges that a state lawsuit was filed and appealed, but that because he is incarcerated in federal prison, "he was unable to meet the courts deadlines having no access to the state laws." *Id.* at 2. Plaintiff offers no additional information about the state case and whether it has ended.

Plaintiff fails to state any factual allegations providing a basis for federal jurisdiction. *See* Fed. R. Civ. P. 8(a)(1) ("A pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction . . . ."); 28 U.S.C. §§ 1331, 1332 (setting forth the bases for federal question and diversity jurisdiction in the federal district courts). Plaintiff does not present a federal question in the Complaint, and the only reference to the parties' citizenship is their addresses, which are all in Florida. Doc. No. 1 at 3, 4, 5.

Ordinarily, a *pro se* party should be given one opportunity to file an amended complaint that states a claim within this Court's subject-matter jurisdiction on which relief could be granted. *Troville v. Venz*, 303 F.3d 1256, 1260 n.5 (11th Cir. 2002). In an amended complaint, Plaintiff must clearly allege the legal basis of the cause of action (whether a constitutional provision, treaty, statute, or common law) and the state citizenship of the parties.[3] Plaintiff may file a renewed motion to proceed *in forma pauperis* with an amended complaint. Therefore, the undersigned recommends that the Court enter an order denying the Application to Proceed in District Court Without Prepaying Fees or Costs and dismissing the case with leave to file an amended complaint.

Based on the forgoing, it is **RECOMMENDED** that the Court:

1. **DENY** the Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. No. 2);

2. **DISMISS** the case; and

3. Grant Plaintiff leave to file an amended complaint within a time established by the Court along with a renewed motion to proceed *in forma pauperis*, with the warning that failure to file an amended complaint within the time permitted by the Court will result in dismissal of the case without further notice.

---

[3] Plaintiff's Complaint may also be barred by the *Rooker-Feldman* abstention doctrine. *See Rooker v. Fid. Tr. Co.*, 263 U.S. 413, 415-16 (1923). "The *Rooker-Feldman* doctrine provides that federal courts, other than the United States Supreme Court, have no authority to review the final judgments of state courts." *Bey v. Ninth Judicial Circuit*, No. 6:11-cv-510-18DAB, 2011 WL 1791284, at *2. Plaintiff does not appear to seek review of the state court's decision, but because Plaintiff fails to state a basis for federal jurisdiction, it is unclear what relief he seeks other than payment under Zenith's policy. Because the Court has determined Plaintiff should be provided the opportunity to amend the Complaint, this issue can be addressed more fully if an amended complaint that states a basis for jurisdiction is filed.

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. 11th Cir. R. 3-1.

Recommended in Orlando, Florida, on May 10, 2019.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies to:

Presiding District Judge
Unrepresented party