# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

DARRYL BERNARD KING,

    Plaintiff,

v.                                  Case No: 6:19-cv-853-Orl-40GJK

SAILORMEN, INC. and THE ZENITH,

    Defendants.
_____/

## ORDER

This cause comes before the Court on *pro se* Plaintiff's Motion for Reconsideration (Doc. 15) of the Court's June 13, 2019, Order.

## I. BACKGROUND

On May 3, 2019, Plaintiff filed the Complaint and filed a motion for leave to proceed *in forma pauperis*. (Docs. 1, 2). On May 10, 2019, the Magistrate issued a Report and Recommendation (Doc. 6 (the "**R&R**")) recommending that the motion be denied, and the case be dismissed with leave to file an amended complaint. (*Id.*). On May 22, 2019, the Court adopted the R&R, dismissed the Complaint, and gave Plaintiff until June 12, 2019 to amend. (Doc. 7). Plaintiff was advised that failure to file an amended complaint by June 12, 2019, would result in dismissal of this case without further notice. (*Id.*).

On May 28, 2019, the Court issued an Order Directing Compliance with the Related Case Order and Notice and the Interested Persons Order issued on May 8, 2019. (Docs. 3, 4, 9). The Court advised that Plaintiff had fourteen days from the date of the Order in which to file both orders. (Doc. 9). On May 28, 2019, Plaintiff filed a motion for extension of time to respond to the R&R and the Court's Order Directing Compliance with

the Related Case Order and Notice and Interested Persons Order. (Doc. 10). On May 29, 2019, that motion was denied because the time to object to the R&R had passed and Plaintiff already received an additional fourteen days to comply with the Court's orders. (Doc. 11).

On June 13, 2019, this case was dismissed without prejudice and the Clerk was directed to close the file. (Doc. 14). On June 28, 2019, Plaintiff filed a motion for reconsideration of that order (the "**Motion**"), explaining that he had mailed an amended complaint on June 12, 2019, and relied on the "mailbox" rule for timely filing. (Doc. 15).

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 59(e) establishes three grounds for a successful motion for reconsideration: "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." *Moton v. Cowart*, No. 8:06-cv-2163-T-30EAJ, 2007 WL 1876036, at *1 (M.D. Fla. Feb. 20, 2007) (citations omitted). Reconsideration of a previous order is an extraordinary remedy, one that is reserved for those instances where the facts or law are so strongly convincing as to induce the court to reverse its prior decision. *Ludwig v. Liberty Mut. Fire Ins. Co.*, No. 03-cv-2378-T-17-MAP, 2005 WL 1053691, at *3 (M.D. Fla. Mar. 30, 2005) (citation omitted). "A motion for reconsideration does not provide an opportunity to simply reargue—or argue for the first time—an issue the Court has once determined." *Perry Health Mgmt. Assocs. Inc.*, No. 2:13-CV-36-FTM-29DNF, 2014 U.S. Dist. LEXIS 156903, at *2 (M.D. Fla. Nov. 5, 2014). Instead, the motion "must set forth facts or law of a strongly convincing nature to demonstrate to the court the reason to reverse its prior decision." *Id.*

Federal Rule of Civil Procedure 60(b) provides: "On motion and just terms, the court may relieve a party or its legal representative from a[n] order . . . for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; . . . or (6) any other reason that justifies relief." Such motions shall be made "within a reasonable time," and under Rule 60(b)(1), motions must be made no more than a year after the entry of the judgment. Fed. R. Civ. P. 60(c)(1). "A significantly higher standard is generally used to decide whether a movant is entitled to relief under Rule 60(b)." *Kornacki v. S. Farm Bureau Life Ins. Co.*, No. 3:14-cv-784-J-34MCR, 2015 WL 7756137, at *1 n.1 (M.D. Fla. Dec. 1, 2015) (internal quotation marks omitted) (quoting *Vanderberg v. Donaldson*, 259 F.3d 1321, 1326 (11th Cir. 2001)).

## III. DISCUSSION

Plaintiff asks this Court to reconsider its dismissal without prejudice based on Plaintiff's failure to comply with this Court's orders. (Doc. 15). Plaintiff claims he filed an amended complaint on or before June 12, 2019, by mailing it from the federal institution where he is incarcerated. (*Id.*). Plaintiff has not attached a copy of the amended complaint, nor offered any proof that the amended complaint was mailed before the deadline. (*Id.*). Plaintiff also offers no explanation for his failure to comply with the Court's Order regarding the related case order and notice and the interested persons order. (*Id.*). Plaintiff has failed to satisfy his burden to demonstrate that the dismissal without prejudice should be set aside.

Accordingly, it is **ORDERED** that the Motion (Doc. 15) is **DENIED**.

**DONE AND ORDERED** in Orlando, Florida on July 19, 2019.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties